UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.                                                  CASE NO. 6:05-cv-1106-Orl-19KRS
                                                     (6:04-cr-071-Orl-19KRS)

MADAIRES BOYD,

   Defendant.
_____

**ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Madaires Boyd (Doc. No. 1) alleging that he received ineffective assistance of counsel.  The Government filed a timely response (Doc. No. 5) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*.  Petitioner filed a reply (Doc. No. 7) to the Government's response.

*Procedural History*

Petitioner was charged by indictment with possession with intent to distribute and distribution of five grams or more of cocaine base (Criminal Case 6:04-cr-071-Orl-19KRS, Doc. No. 1, filed April 8, 2004).[1]  On May 26, 2004, without the benefit of a plea agreement, Petitioner entered a plea of guilty before United States Magistrate Judge Karla R.

---

[1] Hereinafter Criminal Case No.6:00-cr-009-Orl-19JGG will be referred to as "Criminal Case."

Spaulding. Magistrate Judge Spaulding entered a Report and Recommendation that the guilty plea be accepted (Criminal Case Doc. No. 27). The district court accepted the plea and adjudicated Petitioner guilty of count one of the indictment (Criminal Case Doc. No. 29). Petitioner was sentenced to a ninety-five month term of imprisonment followed by a four year term of supervised release (Criminal Case Doc. No. 32). Petitioner did not file a direct appeal.

*Petitioner's Claim*

Petitioner alleges that he received ineffective assistance of counsel because counsel failed to file a notice of appeal after being requested to do so by Petitioner. Petitioner specifically states that he objected to the United States Sentencing Guidelines as unconstitutional at his sentencing hearing and wished to pursue the matter on direct appeal.

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the United States Supreme Court determined that the ineffective assistance of counsel test in *Strickland*[2] applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. The *Roe* Court

---

[2]The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

also recognized the long established rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*. at 477 (citations omitted). The case law is clear that such an omission would be prejudicial to Petitioner, even absent a showing of any viable grounds for appeal. *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996) ("[A] defendant is prejudiced where his attorney fails to file an appeal after being requested to do so, even after the defendant pled guilty. In this situation, the defendant is entitled to an out-of-time-appeal, even without showing whether or not there are any viable grounds for such an appeal.").

In cases where the defendant has not conveyed his wishes one way or another regarding the filing of a notice of appeal, the *Roe* Court held as follows:

> [C]ounsel has a constitutionally-imposed *duty to consult* with the defendant about an appeal when there is reason to think either (1) that a *rational defendant would want to appeal* (for example, because there are nonfrivolous grounds for appeal), or (2) that *this particular defendant reasonably demonstrated to counsel that he was interested in appealing*.

*Id*. at 480 (emphasis added). "In making this determination, courts must take into account all the information counsel knew or should have known." *Id*. (citation omitted). A highly relevant factor will be whether the conviction was the result of a guilty plea because a guilty plea reduces the scope of appealable issues and may indicate that the defendant seeks an end to judicial proceedings. *Id*. at 480. Even in cases when the defendant pleads guilty, the Court must consider whether the defendant received the sentence bargained for

as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. *Id*. at 480.

As to prejudice, the United States Supreme Court held that "to show prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, *he would have timely appealed*." *Id*. at 484 (emphasis added). The "would have appealed" standard considers all of the circumstances, including whether there were nonfrivolous grounds for appeal and whether the defendant in question promptly expressed a desire to appeal. *Id*. at 485.

In the present case, Petitioner clearly alleges that he directed his attorney to file a notice of appeal, but counsel failed to do so. Counsel for the Government indicates that she attempted to contact Petitioner's trial counsel to investigate the merits of Petitioner's claim. However, counsel for the Government was advised that, unless ordered by the Court, the Office of the Public Defender will not discuss matters relating to representation of former clients who claim to have received ineffective assistance of counsel.[3] Because the allegations in Petitioner's claim, if true, would entitle him to relief, this Court must conduct an evidentiary hearing to determine the truthfulness of the claim.

---

[3]Petitioner was represented at sentencing by assistant federal public defender Clarence Counts.

Accordingly, it is hereby **ORDERED** as follows:

The Court will hold an evidentiary hearing with regard to the one claim raised in the § 2255 motion: that Petitioner received ineffective assistance of counsel because counsel failed to file a notice of appeal after Petitioner requested that he do so. The hearing is scheduled for **Thursday, January 19, 1006 at 9:00 a.m.,** U.S. Courthouse, 80 N. Hughey Avenue, 6th Floor, Orlando, Florida 32801. Defendant must be present in person.

**DONE AND ORDERED** at Orlando, Florida, this __21st

_____ day of November, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 11/22
Madaires Boyd
Counsel of Record
U.S. Marshal
U.S. Probation
U.S. Magistrate Judge