UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MADAIRES BOYD,

      Petitioner,

v.                                CASE NO. 6:05-cv-1106-Orl-19KRS
                                         (6:04-cr-071-Orl-19KRS)

UNITED STATES OF AMERICA,

      Respondent.

_____

**ORDER**

      Petitioner filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), alleging that he received ineffective assistance of counsel because he instructed his trial counsel to file an appeal of his sentence, but counsel failed to do so.  Pursuant to the Court's November 22, 2005, Order (Doc. No. 11), an evidentiary hearing was held on February 8, 2006.

      Petitioner pled guilty to possession with intent to distribute and distribution of five grams or more of cocaine base and was sentenced to a ninety-five month term of imprisonment.  He was represented at his plea hearing and at sentencing by an attorney, Clarence Counts.

      At the evidentiary hearing, Petitioner testified that prior to his August 16, 2004, sentencing he met with Mr. Counts.  During the meeting, they discussed a number of matters, including the presentence report, the scoring under the United States Sentencing Guidelines (the "Guidelines"), whether the Guidelines were constitutional, a recent case

holding that the Guidelines were unconstitutional,[1] and the fact that the constitutionality of the Guidelines was under review.  Petitioner testified that he had obtained a copy of the *King* case and wanted an objection as to the constitutionality of the Guidelines made at sentencing.

During the sentencing hearing in the District Court, Mr. Counts unsuccessfully challenged the constitutionality of the Guidelines.  Petitioner admitted that at the time of his sentencing he executed an Acknowledgment of Right to Appeal form (Criminal Case 6:04-cr-071-Orl-19KRS, Doc. No. 31, filed August 16, 2004),[2] in which he acknowledged that he had been advised of his right to file an appeal.

According to Petitioner, on August 17, 2004, which was the day after his sentencing, Mr. Counts visited him at the Seminole County jail.  Petitioner testified that during that meeting he instructed Mr. Counts to file a notice of appeal.  On direct examination, Petitioner stated that he also called Mr. Counts while he was at the Lake County jail, which would have been after August 23, 2004.  During the call, Petitioner asked Mr. Counts about the appeal and about talking to the prosecutor.  Petitioner could not recall what Mr. Counts said but indicated that it was something that Petitioner did not want to hear.[3]  Petitioner

---

[1]*United States v. King*, 328 F. Supp. 2d 1276 (M.D. Fla. 2004).

[2]Hereinafter Criminal Case No.6:04-cr-071-Orl-19KRS will be referred to as "Criminal Case."

[3]On cross-examination Petitioner indicated that he did not really remember what Mr. Counts told him during the telephone call because it did not "grab" his attention. Petitioner stated that his impression was that Mr. Counts believed his job was done once the sentencing was completed.

also admitted on direct examination that he was aware that there was a deadline for filing a notice of appeal.  No direct appeal was filed.

In January of 2005, over four months after the August telephone call, Petitioner sent a letter to this Court requesting that a new attorney be appointed for his appeal.  *See* Petitioner's Exhibit 1.  In the letter, Petitioner stated that Mr. Counts did not effectively represent him before and during sentencing, that he felt intimidated by Mr. Counts, and that Mr. Counts did not file an objection he requested to the presentence report.  The Court granted the request for appointment of counsel and appointed Mr. Joseph Johnson to represent Petitioner.  Mr. Johnson initiated this § 2255 proceeding.

In contrast, Mr. Counts testified that he met with Petitioner prior to sentencing.  The two discussed the presentence report, the statement Petitioner would give at sentencing, and Petitioner's right to appeal.  Petitioner advised Mr. Counts that he did not wish to pursue an appeal.  Mr. Counts denied meeting with Petitioner the day after sentencing or speaking with Petitioner on the telephone after sentencing.  Mr. Counts stated that the last time he saw Petitioner was at sentencing and that he received no telephone calls from Petitioner after sentencing.

Mr. Counts further testified that on August 18, 2004, he sent a letter to Petitioner indicating that his representation had ended and Petitioner's file was being closed but also advising that Petitioner could contact him if he had any questions.[4]  *See* Government's

---

[4]Mr. Counts also indicated that had Petitioner directed him to file an appeal, the correspondence he would have sent to Petitioner would have been different.

3

Exhibit 1.  Mr. Counts also enclosed a copy of Petitioner's Judgment in a Criminal Case with the letter.[5]

Mr. Counts testified that Petitioner did not at any time instruct him to file a Notice of Appeal on his behalf.  He further stated that had Petitioner instructed him to file a Notice of Appeal, he would have done so.  Mr. Counts also testified that because there were no judicial findings made and Petitioner admitted all facts necessary to place him in the guideline range within which he was sentenced, Mr. Counts did not believe that there was any viable basis for an appeal.  In response to cross-examination by Petitioner's counsel, Mr. Counts stated that he only files a Notice of Appeal if requested to do so by the client because it is the client's case, not the attorney's case.

Having reviewed the record, heard the testimony, and observed the demeanor of the witnesses, this Court concludes that the testimony of Mr. Counts is more credible than the testimony of Petitioner.  Mr. Counts testified that Petitioner specifically indicated that he did not want to file a direct appeal.  Furthermore, had Petitioner asked him to file an appeal, Mr. Counts stated that he would have filed the appeal without regard to his personal assessment of the merits.

On the other hand, Petitioner's recollection does not comport with the facts of record.  Specifically, the record reflects, and Petitioner admits, that he executed the

---

[5]Mr. Counts testified that it was his practice to send his clients copies of the discovery, the presentence report, the Judgment of Conviction, and other important documents. Since he did not file a Notice of Appeal, none was sent to Petitioner. Petitioner made no mention of this letter in his testimony.

Acknowledgment of Right to Appeal form and was advised of his appellate rights.  Two days after the sentencing, Mr. Counts sent Petitioner a letter indicating that his representation had concluded and that Petitioner could still contact him if he had any questions.  Certainly, upon receipt of the letter, Petitioner should have been on notice that Mr. Counts was not filing an appeal.  If the contents of the letter did not comport with Petitioner's instructions to Mr. Counts, Petitioner certainly could have contacted Mr. Counts, directed the Clerk of the Court to file a Notice of Appeal, or filed a Notice of Appeal himself, as had been explained to him in writing and orally at his sentencing.  *See Medina v. United States*, No. 05-13161, 2006 WL 334029 (11th Cir. February 14, 2006) (denying claim of ineffective assistance of counsel for failure to file a notice of appeal because the petitioner, who admitted he had been advised of his appellate rights, failed to demonstrate prejudice).

Petitioner knew of a case in which the Guidelines were declared unconstitutional and knew that his Notice of Appeal had to be filed within ten days from the date his Judgment and Commitment Order was filed.  However, he took no action to change his direction to his counsel that no Notice of Appeal should be filed.  He received a copy of the Judgment and Commitment Order mailed to him in August, and he should not have waited over four months before claiming ineffective assistance of counsel because no appeal had been filed.  Petitioner did not relate any other contact with Mr. Counts after August of 2004 and did not explain how he learned that no appeal had been filed.

At the evidentiary hearing, counsel for Petitioner also argued that trial counsel had a constitutional duty to file a Notice of Appeal, even without the client's direction, because an issue regarding the constitutionality of the Guidelines had been preserved at sentencing and was pending before the United States Supreme Court.  However, as set forth above, this Court has credited the testimony of Mr. Counts and, therefore, concludes that Petitioner told Mr. Counts that he did not want to pursue a direct appeal.  Since Petitioner expressly declined an appeal, his counsel had no obligation to file a Notice of Appeal.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("[A] defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently."); *Jones v. Barnes*, 463 U.S. 745 (1983) (accused has ultimate authority to make fundamental decision whether to take an appeal).  Petitioner's argument that counsel should have ignored Petitioner's instruction not to file a Notice of Appeal must be rejected.  Furthermore, since Petitioner has not demonstrated that counsel's performance was deficient, his claim must be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Madaires Boyd (Doc. No. 1) is **DENIED**.

2.      The Clerk of the Court shall enter judgment accordingly in this instant civil case and is directed to close this case.

3.      The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 45) pending in case number 6:04-cr-071-Orl-19KRS.

**DONE AND ORDERED** at Orlando, Florida, this __22nd___ day of February, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 2/22
Madaires Boyd
Counsel of Record