UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MADAIRES BOYD,

    Petitioner,

v.                                                CASE NO. 6:05-cv-1106-Orl-19KRS
                                                       (6:04-cr-071-Orl-19KRS)

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

Petitioner filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), alleging that he received ineffective assistance of counsel because he instructed his trial counsel to file an appeal of his sentence, but counsel failed to do so. After conducting an evidentiary hearing, this Court entered an Order (Doc. No. 22) denying the motion with prejudice. Petitioner subsequently filed a motion for new trial or hearing (Doc. No. 25) presenting new evidence. The motion for new trial or hearing was granted (Doc. No. 28), and a continuation of the previous evidentiary hearing was conducted on April 20, 2006.

The procedural history and facts adduced at the earlier evidentiary hearing are set forth more fully in the Court's two prior Orders. *See* Doc. Nos. 11 and 22.

*The Testimony*

At the second evidentiary hearing, the parties presented only one witness, Clarence Counts, Petitioner's trial counsel. Mr. Counts acknowledged that in his previous testimony

he adamantly denied ever seeing Petitioner after sentencing. However, after the first hearing, Petitioner's counsel left a message for Mr. Counts indicating that he had obtained a document showing that Mr. Counts had visited Petitioner at the John E. Polk Correctional Facility on August 18, 2004, two days after the sentencing hearing. *See* Petitioner's Exhibit 2. In response to the message, Mr. Counts had his secretary recapture his time records regarding Petitioner's case. His records confirmed that he visited Petitioner twice after he had been sentenced, once on August 18, 2004, and again on September 17, 2004. *See* Petitioner's Exhibit 3. However, Mr. Counts testified that he had no recollection of either meeting and could not say what he and Petitioner discussed at these two meetings. Meeting with a defendant after sentencing is not Mr. Counts normal or customary procedure.

Despite the fact that he did not remember the August 18th meeting, Mr. Counts testified that after such meeting he would have gone back to the office, prepared a letter to Petitioner, and closed the case. In the letter, Mr. Counts informed Petitioner that his representation had ended and that Petitioner's file was being closed. *See* Petitioner's Exhibit 1. According to Mr. Counts, if Petitioner had told him to file a notice of appeal, he would have done so.

Upon further questioning, Mr. Counts indicated that he knew he sent the letter after the meeting with Petitioner at the jail because his normal procedure when conducting morning interviews at the jail was to go directly from home to the jail and then back to the office after the meeting. Because the jail log states his meeting with Petitioner was at 10:00

a.m., he testified that he would not have gone to his office until after he finished the meeting at the jail.

Mr. Counts also testified that although it was unusual to visit a client after sentencing, he might do so to discuss an appeal or the destination where the client might be incarcerated. If he is instructed to file a notice appeal, Mr. Counts testified that he normally would do this on the same day that he received the instruction.

Petitioner Madaires Boyd previously testified that after his sentencing he communicated twice with his attorney, Mr. Counts, and both times instructed Mr. Counts to pursue an appeal on his behalf.

*Findings of Fact and Conclusions of Law*

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the United States Supreme Court determined that the ineffective assistance of counsel test in *Strickland*[1] applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. The *Roe* Court also recognized the long established rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is

---

[1]The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

professionally unreasonable." *Id.* at 477 (citations omitted). The case law is clear that such an omission would be prejudicial to Petitioner, even absent a showing of any viable grounds for appeal. *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996) ("[A] defendant is prejudiced where his attorney fails to file an appeal after being requested to do so, even after the defendant pled guilty. In this situation, the defendant is entitled to an out-of-time-appeal, even without showing whether or not there are any viable grounds for such an appeal.").

Assessing the credibility of witnesses is reserved for the Court. *See Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1559 (11th Cir. 1988) ("Assessing the weight of evidence and credibility of witnesses is reserved for the trier of fact."). After a careful weighing of the evidence, this Court finds that Petitioner's testimony as to the facts is credible and that relief should be granted.

At the initial hearing, Petitioner testified that he met with Mr. Counts on August 17, 2004, the day after the sentencing hearing, at the Seminole County jail. According to Petitioner, during that meeting he asked Mr. Counts to file a notice of appeal. In addition, Petitioner stated that he was transferred to the Lake County jail on August 23, 2004, and while at that institution he talked to Mr. Counts by telephone about the appeal.

Petitioner's testimony is supported by the documents presented at the second evidentiary hearing.[2] Specifically, the jail records show that Mr. Counts did visit Petitioner

---

[2] Counsel for Petitioner represented to the Court that the documents were not discovered until after the conclusion of the first hearing. Therefore, Petitioner did not see and was not aware of such documents until after he testified.

after the sentencing hearing.[3] Furthermore, Mr. Counts' own time records also reflect his August 18th visit with Petitioner. In addition, the same time records indicate that Mr. Counts visited Petitioner again on September 17, 2004. Mr. Counts testified that based on the amount of travel time documented on his time record, the visit most likely occurred at the Lake County jail. The information coincides with Petitioner's testimony regarding his conversations with Mr. Counts.

On the other hand, Mr. Counts initially adamantly denied ever meeting or speaking with Petitioner after the sentencing hearing. Faced with the jail records contradicting his testimony, Mr. Counts researched his time records and forthrightly revealed his prior error. However, Mr. Counts' testimony at the second hearing was that he had no recollection of either of the two meetings which took place after Petitioner's sentencing.

Petitioner clearly testified regarding the two contacts he had with Mr. Counts following the sentencing hearing. The testimony is supported by the jail records and Mr. Counts' time records. According to Petitioner, during the two interactions he and Mr. Counts discussed an appeal, and Petitioner asked Mr. Counts to file a notice of appeal.

Mr. Counts, who does not recall either of the meetings, is unable to directly contradict Petitioner's specific testimony. Instead, Mr. Counts relies on a recitation of his normal procedures, which is insufficient to overcome the other direct evidence. Counsel's normal procedures were not followed in this case. Further, although the two meetings

---

[3]Although the visit was actually on August 18, 2004, rather than August 17th, the Court finds such discrepancy negligible.

with his client after sentencing would be uncustomary and out of the ordinary for counsel, Mr. Counts testified that he cannot remember why such meetings occurred or what was discussed at them. The direct evidence is that Mr. Counts was instructed to file a notice of appeal. Such notice was not filed. Therefore, this Court finds that Mr. Counts' performance regarding the filing of the notice of appeal fell below an objective standard of reasonableness.

Having determined that Mr. Counts' inaction regarding the filing of a notice appeal was unreasonable under the *Strickland* standard and that under such circumstances no showing of prejudice is required, Petitioner is entitled to have his § 2255 motion granted. *See Martin*, 81 F.3d at 1084. In order to provide the appropriate relief, the Court will order the Clerk of the Court to vacate the Judgment In A Criminal Case entered on August 17, 2004 (Criminal Case Doc. No. 32) and to re-enter the same judgment after this opinion has been filed and docketed. *See United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000) (holding that when a district court finds that an out-of-time appeal in a criminal case is warranted in a section 2255 proceeding, the remedy is as follows: 1) the criminal judgment from the which the out-of-time appeal is to be permitted should be vacated; 2) the same sentence should be reimposed; 3) upon reimposition, the defendant should be advised of all the rights associated with an appeal from a criminal sentence; and 4) the defendant should be advised that the time for filing a notice of appeal from the reimposed sentence is ten days).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. To the extent that the provisions of the February 22, 2006, Order (Doc. No. 22) are inconsistent with the provisions of this Order, the February 22, 2006, Order is **VACATED**.

2. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Madaires Boyd (Doc. No. 1) is **GRANTED**.

3. The Clerk of the Court is directed to **VACATE** the Judgment in a Criminal Case entered on August 17, 2004 (Criminal Case Doc. No. 32) and to re-enter the identical Judgment in a Criminal Case, as of the date of the docketing of this Order.

4. Mr. Joseph Johnson, who represented Petitioner at the evidentiary hearing, is hereby appointed as counsel on behalf of Petitioner for his direct appeal.

5. Petitioner is advised of the following rights associated with an appeal of his Judgment in a Criminal Case:

   a. Unless a notice of appeal is filed (I) within ten (10) days after entry of the reimposed judgment or (ii) within ten (10) days after the filing of a timely notice of appeal by the Government, if the Government files an appeal, the right to file a notice of appeal is waived.

   b. Petitioner's attorney may file the notice of appeal or Petitioner may appeal by notifying personally the Clerk of the Court of his desire to appeal in sufficient time to allow the Clerk to file the notice before the expiration of the above-mentioned ten (10) day period.

   c. Petitioner has the right to be represented by counsel for the appeal and counsel has been appointed by the Court to represent him on appeal at no cost to him.

6. The Clerk of the Court shall enter judgment accordingly in this instant civil case and is directed to close this case.

7.  The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 45) pending in case number 6:04-cr-071-Orl-19KRS and to file a copy of this Order in the criminal case.

**DONE AND ORDERED** at Orlando, Florida, this __2nd__ day of May, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 5/2
Madaires Boyd
Counsel of Record